[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14676
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00288-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE SHAMEIN FITZGERALD,
a.k.a. Jermaine,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2010)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Clarence Shamein Fitzgerald appeals the district court's order denying his

18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706

to the Sentencing Guidelines. On appeal, Fitzgerald: (1) concedes that he was originally sentenced as a career offender, but asserts that career offenders are not precluded from receiving sentence reductions under Amendment 706, and that our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009), was wrongly decided; and (2) argues for the first time on appeal that Congress's failure to amend the Sentencing Guidelines to reduce the disparity between crack and powder cocaine offenses violates the equal protection component of the Due Process Clause of the Fifth Amendment. After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Moore, we held that defendants sentenced under the career offender guideline, U.S.S.G. § 4B1.1(b), are ineligible

for sentence reductions under Amendment 706 because that amendment did not have the effect of reducing their guideline range. Moore, 541 F.3d at 1327-30.

Fitzgerald was originally sentenced under the career offender guideline, U.S.S.G. § 4B1.1(b). Therefore, in light of our decision in Moore, he was not eligible for a sentence reduction under Amendment 706. Although Fitzgerald asserts that Moore was wrongly decided, we are bound by our prior holding until it is overruled by the Supreme Court or by a panel of this Court sitting en banc. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Because Fitzgerald was sentenced as a career offender, the district court correctly concluded that he was not eligible for a sentence reduction based on Amendment 706.

As for Fitzgerald's equal protection argument, we have explained that a § 3582(c)(2) proceeding "does not constitute a de novo resentencing" and does not permit the district court to address "extraneous resentencing issues" such as constitutional claims. United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that the district court properly declined to consider defendant's Eighth Amendment claim in the context of a § 3582(c)(2) proceeding). Accordingly, the district court did not plainly err by failing to sua sponte grant a sentence reduction on equal protection grounds.

**AFFIRMED.**